IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | NO. 1:12-CR-311 (AT) |
| MLADEN MITROVIC | ) | |
| | ) | |

**MOTION IN LIMINIE TO EXCLUDE TESTIMONY CONCERNING THE WAR IN BOSNIA AND HERZEGOVINA AND THE HISTORICAL BACKGROUND TO THE CONFLICT IN PRIJEDOR OR IN THE ALTERNATIVE, MOTION FOR PRETRIAL HEARING ON THE ADMISSIBILITY OF SUCH EVIDENCE/TESTIMONY**

Comes now MLADEN MITROVIC, Defendant in the above-styled action, by and through undersigned counsel, and moves this Court to exclude evidence and/or testimony concerning the war in Bosnia and Herzegovina and the historical background to the conflict in Prijedor, as said testimony is patently unreliable. Should the Court determine that further evidentiary development is necessary to exclude such testimony/evidence, Mr. Mitrovic requests that the Court conduct a pretrial evidentiary hearing on the admissibility of said testimony/evidence pursuant to the dictates of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *Kumho Tire Co. LTD, v. Carmichael*, 526 U.S. 137, 140 (1999). In support of this motion Mr. Mitrovic shows as follows:

(1)

Mr. Mitrovic is charged with naturalization fraud, in violation of Title 18, United States Code, Section 1425(b), in connection with alleged material misrepresentations in his Application for Naturalization.

(2)

From the discovery provided to Mr. Mitrovic, it appears that the government will attempt to introduce evidence/testimony from Dorothea Hanson concerning the war in Bosnia and Herzegovina and the historical background to the conflict in Prijedor.

(3)

Initially, Mr. Mitrovic objects to the admission of such evidence because the government has not provided any material, pursuant to Fed. R. Crim. P. 16 concerning the qualifications or summary of Hanson's credentials.

(4)

Secondly, Mr. Mitrovic asserts that Dorothea Hanson's testimony would be inherently unreliable and thereby outrightly inadmissible.  There is no evidence that her anticipated testimony concerning the history of the Bosnian war has been proven as accurate and reliable, through any modicum of testing, to any degree of certainty.

ARGUMENT AND AUTHORITY

Before testimony concerning scientific or non-scientific expert testimony can be admitted, the government must establish that it is sufficiently reliable under the standard set out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  *Kumho Tire Co. LTD, v. Carmichael*, 526 U.S. 137, 140 (1999) (holding that the standard in Daubert applies not only to scientific expert testimony, but all expert testimony governed by Rule 702 of the Federal Rules of Evidence); *United States v. Paul*, 175 F.3d 906, 910 (11th Cir. 1999) (*Daubert* applies to all expert testimony) (citing *Kumho*, 119 S.Ct., at 1167, 1174).  *Daubert* requires that in order for expert testimony to be admissible, it must be both relevant and reliable.  *Daubert*, 509 U.S. at 597.

The *Daubert* Court suggested five factors that trial courts should ordinarily consider in determining whether proffered expert testimony is valid.[1]  The first and most critical factor is whether the "theory or technique . . . can be (and has been) tested."  *Id*. at 593.  As the Court recognized, empirical testing is the essential criterion of science:

---

[1]   As the Supreme Court subsequently made clear in *Kumho*, these same five factors may also be applied by a district court in assessing the reliability of an expert testifying on the basis of "specialized" or "technical" knowledge.  *Kumho*, 526 U.S. at 149-158 (holding that district court properly applied the *Daubert* factors to an engineering expert who opined that the tire blow out on the plaintiff's minivan was caused by a manufacturing defect).

> Scientific methodology today is based on generating hypotheses and testing them to see if they can be falsified; indeed, this methodology is what distinguishes science from other fields of human inquiry. The statements constituting a scientific explanation must be capable of empirical test. The criterion of the scientific status of a theory is its falsifiability, or refutability, or testability.

*Id*. at 593 (internal quotations and citations omitted).

A second closely related factor that the *Daubert* Court suggested should "ordinarily" be considered is the "known or potential rate of error" of the particular technique. *Id*. at 594. In this regard, the Court cited the Seventh Circuit's decision in *United States v. Smith*, 869 F.2d 348, 353-354 (7th Cir. 1989), in which the Seventh Circuit surveyed studies concerning the error rate of spectrographic voice identification techniques. *Id*.

A third factor pointed to by the Court is the "existence and maintenance of standards controlling the technique's operation." *Daubert*, 509 U.S. at 594. As an example, the Supreme Court cited the Second Circuit's opinion in *United States v. Williams*, 583 F.2d 1194, 1198 (2d Cir. 1978), in which the Second Circuit observed that the "International Association of Voice Identification . . . requires that ten matches be found before a positive identification can be made." *Id*.

Fourth, the *Daubert* Court held that "general acceptance can . . . have a bearing on the inquiry." *Id*. "A reliability assessment does not require, although it does permit, explicit identification of a relevant ... community and an express

determination of a particular degree of acceptance within that community." *Id*. (quoting *United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985)). As the Court recognized, "widespread acceptance can be an important factor in ruling particular evidence admissible and a 'known technique which has been able to attract only minimal support within the community' . . . may properly be viewed with skepticism." *Id*. (quoting *Downing*, 753 F.2d at 1238)).

Finally, the *Daubert* Court recognized that an additional factor which may be considered "is whether the theory or technique has been subjected to peer review and publication." *Id*. at 593. As the Court recognized, "submission to the scrutiny of the scientific community is a component of 'good science,' in part because it increases the likelihood that substantive flaws in methodology will be detected." *Id*. Accordingly, "[t]he fact of publication (or lack thereof) in a peer reviewed journal . . . [is] a relevant, though not dispositive, consideration in assessing the scientific validity of a particular technique or methodology on which an opinion is premised." *Id*. at 594.

In providing the above factors, the Supreme Court emphasized that the inquiry under Federal Rule of Evidence 702 is a "flexible one" and that, as such, additional factors may be considered. *Id*. Several such additional factors have been suggested by the Third Circuit:

> (1) the relationship of the technique to methods which have been established to be reliable;

> (2) the qualifications of the expert witness testifying based on the methodology;
>
> (3) the non judicial uses to which the method has been put.

*United States v. Downing*, 753 F.2d 1224, 1238-39 (3d Cir. 1985); *see also In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 n.8 (3d Cir. 1994).

From the discovery provided to the defense thus far, there is nothing to establish the reliability of the testimony that Mr. Mitrovic anticipates Dorothea Hanson will proffer. Thus, any such testimony and/or evidence fails on all fronts of *Daubert*. First, there appears to be absolutely no methodology proffered for the assertions contained in Hanson's report. Second, and in large part because the "expert" testimony has not been subject to testing, there can be no measurable "error rate" to assist the Court in determining the reliability of the proffered testimony. Third, there have been no standards associated with the anticipated testimony. Fourth, there is nothing to indicate that there is a general acceptance of the "evidence" associated with Hanson's anticipated testimony.

WHEREFORE, and for the foregoing reasons, any testimony and/or evidence related to the war in Bosnia and Herzegovina and the historical background to the conflict in Prijedor may not be properly admitted as expert testimony pursuant to Rule 702 of the Federal Rules of Evidence, and *Kumho Tire Co. LTD, v. Carmichael*, 526 U.S. 137 (1999) and therefore this Court should

exclude the testimony.  Should the Court believe that further evidentiary development on the issue is necessary, Mr. Mitrovic requests the Court conduct a pretrial evidentiary hearing on the matter.

Dated, this the 2nd day of April, 2016.

Respectfully submitted,

*s/Jeffrey L. Ertel*
JEFFREY L. ERTEL
State Bar No. 249966
Federal Defender Program, Inc.
101 Marietta Street, NW, Suite 1500
Atlanta, Georgia 30303
4/688-7530
jeff_ertel@fd.org


*s/Molly Hiland Parmer*
MOLLY HILAND PARMER
State Bar No. 942501
Federal Defender Program, Inc.
101 Marietta Street, NW, Suite 1500
Atlanta, Georgia 30303
4/688-7530
molly_parmer@fd.org

ATTORNEYS FOR MR. MITROVIC

CERTIFICATE OF SERVICE

I hereby certify that the foregoing, pursuant to Local Rule 5.1, has been formatted in Times New Roman, 14 point, electronically filed and served upon counsel for the government:

>Will Traynor
>Jessica Morris
>Christina Giffin
>United States Attorney's Office
>6th Floor
>Richard B. Russell Bldg.
>75 Ted Turner Drive
>Atlanta, Georgia 30303

Dated, this the 2nd day of April, 2016

*/s/Jeffrey L. Ertel*